**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SARAH REISS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-cv-00702-HEA |
| | ) |
| SHARON REISS, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Sarah Reiss for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action against defendant Sharon Reiss, who is identified as plaintiff's "trustee/general partner/mother." (Docket No. 1 at 2). She asserts that this Court has subject matter jurisdiction based on a federal question. (Docket No. 1 at 3). In particular, plaintiff claims that the issues involved in this case include: "fraud, larceny, identity theft, theft, [and] tax fraud."

In the "Statement of Claim," plaintiff makes a number of disjointed accusations, many of them conclusory in nature, and which are best understood if quoted in full:

> Sharon Reiss changed her phone number, address, emails, and other contact info when I attempted to receive [the] distributions I am legally entitled to. She has filed my personal taxes incorrectly as well as other tax related info. She has stolen over $400,000.00 from me and my trust. She has taken advantage of me when I was a minor in 2007 by signing me into a business where she stole the funds out of my trust accounts and put them onto a business. She also transferred my minors under the transfer to minors account to herself the day before I became 18. I have not been able to contact her and [she disappeared] on me. She currently is withholding over several thousands of my legally entitled to money. I have a dissolution of marriage stating she has no rights to handle or contest trusts, she has forged marriage documents to manipulate stealing my dying father[']s money in 2003.

(Docket No. 1 at 5). Regarding the relief she seeks, plaintiff states:

> I ask that all assets be returned directly. That the SLR II Limited Partnership be closed [and] discontinued. I ask Sharon[']s removal to all legal entitlement to me. We recover my dad[']s accounts [and] securities. That Ben Keller be removed from contracts. That Ben Keller [and] Sharon[']s legal agreement for Ben to represent me to be investigated due to him having sexual relations with my mom during the time he gave her legal representation. That Michael[']s death certificate be amended to single/[divorced]. All damages recovered.

According to plaintiff, those damages amount to at least $400,000, though she states that she cannot be certain without access to her accounts. (Docket No. 1 at 6).

## Discussion

Plaintiff is a self-represented litigant who is suing her mother for various financial improprieties. Because she is proceeding in forma pauperis, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court has determined that it lacks subject matter jurisdiction. As such, the Court will direct plaintiff to show cause as to why this case should not be dismissed.

3

### A. Federal Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). In this case, plaintiff asserts that the Court has federal question jurisdiction.

**B. Federal Question Jurisdiction**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

Here, plaintiff contends that the Court has federal question jurisdiction because her case encompasses "fraud, larceny, identity theft, theft, [and] tax fraud." This broad reference to alleged tortious and criminal conduct, however, is not sufficient to establish the presence of federal

5

question jurisdiction. More specifically, plaintiff identifies no federal statutes, treaties, or constitutional provisions as being at issue, and her suit is not against a federal official or federal agency. In short, her complaint does not demonstrate "either that federal law creates the cause of action or that [her] right to relief necessarily depends on the resolution of a substantial question of federal law."

### C. Order to Show Cause

Subject matter jurisdiction is a threshold requirement for every case filed in federal court. In the instant complaint, plaintiff has not adequately alleged the existence of a federal question. Plaintiff will therefore be ordered to show cause in writing as to why this action should not be dismissed. She will be given thirty days in which to comply. Failure to respond within thirty days will result in the dismissal of this case without prejudice and without further notice.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court notes that plaintiff has not adequately alleged subject matter jurisdiction, and has been ordered to show cause as to why this case should not be dismissed. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction, this case will be dismissed without prejudice and without further notice.

Dated this 18th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE