**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SARAH REISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00702-HEA |
| ) | |
| SHARON REISS, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On August 18, 2022, the Court ordered plaintiff Sarah Reiss to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 6). She was given thirty days in which to respond. More than thirty days have elapsed, and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

**Background**

Plaintiff is a self-represented litigant who filed a civil action against defendant Sharon Reiss, who was identified as plaintiff's "trustee/general partner/mother." (Docket No. 1 at 2). She asserted that this Court had subject matter jurisdiction based on a federal question. (Docket No. 1 at 3). In particular, plaintiff claimed that the issues involved in this case included: "fraud, larceny, identity theft, theft, [and] tax fraud."

In the "Statement of Claim," plaintiff made a number of disjointed accusations, many of them conclusory in nature, and which are best understood if quoted in full:

> Sharon Reiss changed her phone number, address, emails, and other contact info when I attempted to receive [the] distributions I am legally entitled to. She has filed my personal taxes incorrectly as well as other tax related info. She has stolen over $400,000.00 from

> me and my trust. She has taken advantage of me when I was a minor in 2007 by signing me into a business where she stole the funds out of my trust accounts and put them onto a business. She also transferred my minors under the transfer to minors account to herself the day before I became 18. I have not been able to contact her and [she disappeared] on me. She currently is withholding over several thousands of my legally entitled to money. I have a dissolution of marriage stating she has no rights to handle or contest trusts, she has forged marriage documents to manipulate stealing my dying father[']s money in 2003.

(Docket No. 1 at 5). Regarding the relief she sought, plaintiff stated:

> I ask that all assets be returned directly. That the SLR II Limited Partnership be closed [and] discontinued. I ask Sharon[']s removal to all legal entitlement to me. We recover my dad[']s accounts [and] securities. That Ben Keller be removed from contracts. That Ben Keller [and] Sharon[']s legal agreement for Ben to represent me to be investigated due to him having sexual relations with my mom during the time he gave her legal representation. That Michael[']s death certificate be amended to single/[divorced]. All damages recovered.

According to plaintiff, those damages amounted to at least $400,000, though she stated that she cannot be certain without access to her accounts. (Docket No. 1 at 6).

Along with her complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The Court granted the motion on August 18, 2022. (Docket No. 6). Because she was proceeding in forma pauperis, the Court also reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff had failed to adequately assert subject matter jurisdiction. In particular, the Court noted that no federal question appeared on the face of her complaint.

Due to the apparent lack of jurisdiction, the Court ordered plaintiff to show cause as to why this case should not be dismissed. She was given thirty days in which to respond, and advised that her failure to respond would result in the dismissal of this action without prejudice and without further notice. Plaintiff's response was due on or before September 17, 2022. Despite being given

2

more than thirty days, plaintiff has not submitted a show cause response, or sought an extension of time in which to do so.

## Discussion

Plaintiff is a self-represented litigant who has sued her mother for various alleged financial improprieties. On initial review pursuant to 28 U.S.C. § 1915, the Court determined that she had not adequately asserted federal subject matter jurisdiction. Plaintiff was then ordered to show cause as to why this case should not be dismissed. She has failed to respond. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### A. Federal Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").

Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976,

982 (8th Cir. 2009). *See also City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction").

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). In this case, plaintiff has expressly alleged that the Court has federal question jurisdiction. As set forth below, however, she has not demonstrated the existence of either federal question or diversity jurisdiction in this action.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d

4

748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In her complaint, plaintiff contended that the Court had federal question jurisdiction because her case encompassed "fraud, larceny, identity theft, theft, [and] tax fraud." This broad reference to alleged tortious and criminal conduct, however, is not sufficient to establish the presence of federal question jurisdiction. More specifically, plaintiff identifies no federal statutes, treaties, or constitutional provisions as being at issue, and her suit is not against a federal official or federal agency. Furthermore, her claim does not embody alleged constitutional violations against a state actor, which might provide the basis for a 42 U.S.C. § 1983 action. *See Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (stating that a claim brought pursuant to 42 U.S.C. § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to [28 U.S.C.] § 1331").

5

In short, plaintiff's complaint does not demonstrate "either that federal law creates the cause of action or that [her] right to relief necessarily depends on the resolution of a substantial question of federal law." Rather, to the extent that her allegations can be understood, they appear to arise under state law. Therefore, plaintiff has not carried her burden of establishing the existence of federal question jurisdiction.

### C. Diversity Jurisdiction

Though plaintiff has not expressly alleged diversity jurisdiction, the Court notes that no such jurisdiction is apparent here. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

As to the diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For

purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, even assuming that plaintiff has alleged the proper jurisdictional amount, there is no diversity among the parties. Specifically, both plaintiff and defendant are alleged to be living in Missouri, and there is no indication that they are citizens of different states. Since there is no diversity between the parties, 28 U.S.C. § 1332 does not provide a jurisdictional basis. Therefore, plaintiff has failed to carry her burden of showing the existence of diversity jurisdiction.

### D. Order of Dismissal

Jurisdiction is a threshold requirement for a case to proceed in federal court. The party that is invoking federal subject matter jurisdiction carries the burden of proving its existence. The issue of jurisdiction may be raised at any time, and can be raised by the Court itself.

Here, plaintiff's complaint fails to adequately assert the presence of subject matter jurisdiction. To be more specific, no federal question exists on the face of her complaint, and the parties are not diverse. The Court directed plaintiff to show cause as to why the case should not be dismissed, thereby giving her an opportunity to demonstrate a jurisdictional basis. Plaintiff has failed to respond, and the deadline for her response has expired. Therefore, for the reasons discussed above, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 23rd  day of  September , 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE